98 F.3d 1359
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vincent T. HANDON, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 96-3255.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vincent T. Handon petitions for review of the May 2, 1996 final decision of the Merit Systems Protection Board, Docket DC0752960220I-1, affirming the decision of the Department of the Air Force ("the agency") to remove Handon for misconduct. Because the board did not err in finding that Handon engaged in misconduct and finding that the agency's penalty of removal was not unreasonable, we affirm.
 
 DISCUSSION
 
 2
 The agency employed Handon as a GS-5 secretary for the Family Support Center at Bolling Air Force Base, Washington, D.C. The agency determined that during the first three months of his employment, Handon made numerous offensive statements and gestures of a sexual nature directed toward his female coworkers. On three occasions, Handon placed his hands on the neck of a female coworker and had massaged her shoulders. The coworkers stated that each "massage" was unwelcome.
 
 
 3
 Over the three months, Handon's supervisor, Master Sergeant Jackson, counseled Handon numerous times concerning the inappropriateness of his actions. At one point, Jackson provided him with a copy of the agency's policy statement regarding the inappropriate nature of offensive statements and gestures of a sexual nature in the workplace. The policy specifically identified a number of actions that could constitute sexually offensive behavior, including physical contact, gestures, jokes, and comments that can make an individual feel at least uncomfortable.
 
 
 4
 In addition, two staff members at the agency's Civilian Personnel Office stated that Handon requested to inspect his Official Personnel Folder on the day he had been "detailed out" of the Family Service Center pending the completion of an agency investigation. The investigation was triggered by a complaint against Handon concerning one of the unwelcome "massages." Both staff members recalled that Handon removed the folder from the customer service area in violation of agency rules. Susan Sanders, an employee relations specialist, stated that she inspected the folder after Handon returned it and determined that two documents relating to prior disciplinary actions against Handon were missing and could not be located. She noted that she had seen the missing documents in Handon's folder only three days earlier. The agency removed Handon after concluding that he removed documents from his Official Personnel Folder without authorization and determining that his offensive conduct created a hostile working environment for his female coworkers.
 
 
 5
 Handon appealed his removal to the board. Before the board, Handon did not dispute the bulk of the allegations regarding his behavior. Rather, he argued that he had meant no offense and that his actions had been misunderstood. Handon denied that some of the incidents occurred and denied that he received counseling from his supervisor regarding his behavior. He admitted that he had been given the policy statement by his supervisor. In an initial decision, an administrative judge ("AJ") found that the agency proved by a preponderance of the evidence that Handon violated agency policy by his offensive conduct and found that he had removed official documents without authorization. The AJ further found that there was a sufficient nexus between Handon's conduct and the efficiency of the service to justify his removal because Handon's conduct created a hostile working environment for his female coworkers.
 
 
 6
 Handon also denied removing any documents from his Official Personnel Folder and denied that he had requested the folder on the day in question. The AJ found that Handon's testimony was not credible, noting that Handon was the only person with motive and opportunity to remove documents from his folder. The AJ found that Handon committed misconduct by removing documents from his folder without authorization. The AJ's initial decision became final when Handon failed to petition for review within the required time period. 5 C.F.R. § 1201.113 (1996).
 
 
 7
 When reviewing a decision by the board, we may reverse only if the decision was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 8
 On appeal, Handon argues that the AJ failed to give proper weight to the testimony of his two witnesses, who testified that they had not observed Handon commit any misconduct and found Handon to be helpful and friendly. It is clear from the record that the AJ considered all the evidence before him. The AJ stated that the testimony of the agency's witnesses was "consistent, cumulative, and, in many respects, mutually reinforcing." Furthermore, the AJ noted that neither of Handon's two witnesses observed the encounters reported by the agency's witnesses and thus had no personal knowledge of those events. The only evidence offered to refute the agency's case was Handon's own denials. After careful consideration, the AJ found the agency's witnesses to be highly credible and discounted Handon's testimony.
 
 
 9
 Handon essentially requests that we review the AJ's credibility determinations. Given our standard of review, such determinations by the board are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Handon identifies nothing in the record to justify our reconsideration of those determinations. Based upon the record before us, the AJ's findings regarding Handon's misconduct are supported by substantial evidence and are neither arbitrary nor capricious.
 
 
 10
 Regarding Handon's removal, it is well-established that, on appeal, the board's "affirmance of the agency's choice of penalty will not be disturbed unless it is so harsh and inappropriate as to exceed the agency's discretionary authority." Carosella v. United States Postal Serv., 816 F.2d 638, 643 (Fed.Cir.1987). The AJ affirmed Handon's removal after finding that the agency carefully considered all the relevant factors including the seriousness of the offense, the fact that Handon's actions were intentional, that he had been repeatedly counseled, and that he failed to change his behavior after counseling. In addition, the AJ noted that the misconduct began immediately after Handon was hired. Under the circumstances, we cannot conclude that Handon's removal exceeded the agency's discretionary authority. Accordingly, the board's decision is affirmed.